# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05CV153-C

| | |
|---|---|
| LENDINGTREE, INC., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **MEMORANDUM AND ORDER** |
| ) | |
| LOWERMYBILLS, INC., d/b/a ) | |
| LOWERMYBILLS.COM, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendant's "Motion to Compel Rule 30(b)(6) Deposition of Plaintiff ..." (document #57), "Memorandum in Support ..." (document #58), and "Motion for Leave to Take ... Deposition of Third Party IMX. Inc." (document #59), all filed July 20, 2006; and the Plaintiff's "Brief[s] in Opposition ..." (documents ##61 and 62), both filed August 7, 2006.

On August 21, 2006, the Defendant filed its "Repl[ies] ..." (documents ##63 and 65).

This matter has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. §636(b)(1)(B), and the subject Motions are now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the undersigned will <u>grant</u> the Defendant's Motions, as discussed below.

## I. FACTUAL AND PROCEDURAL HISTORY

This is a patent infringement action seeking damages and equitable relief. The Plaintiff, LendingTree, Inc., a Delaware corporation headquartered in Charlotte, North Carolina, and the Defendant, LowerMyBills, Inc., a California corporation, are online mortgage brokers. The

Plaintiff is the owner of a patent for a "Method and Computer Network for Coordinating a Loan Over the Internet" ("the patent"), and has accused the Defendant of willfully infringing and inducing its customers to infringe the patent.

Relevant to the subject Motions, on August 22, 2005, the undersigned entered a "Pretrial Order and Case Management Plan" setting, among other things, the deadline for fact discovery (which in intellectual property litigation is often differentiated from expert discovery) for May 15, 2006. See document #23.

On October 3, 2005, the Defendant took the individual deposition of Doug Lebda, then the Plaintiff's Chief Executive Officer.

On February 17, 2006, and upon the filing of a "Consent Motion" by the parties, the fact discovery deadline was extended to July 14, 2006. See "Consent Order" (documents # 34).

On June 1, 2006, the Defendant noticed the Plaintiff's Rule 30(b)(6) deposition to be taken on July 6, 2006.[1] Rather than designate a witness to testify, however, the Plaintiff responded by "adopting" Mr. Lebda's prior testimony, which it contends covered "substantially the same topics" as the proposed Rule 30(b)(6) deposition.

On July 12, 2006, the Defendant deposed Sadashiv Adiga, the former Chief Technology

---

[1] Fed. R. Civ. P. 30(b)(6) provides:

A party may in the party's notice and in a subpoena name as the deponent a public or private corporation or a partnership or association or governmental agency and describe with reasonable particularity the matters on which examination is requested. In that event, the organization so named shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. A subpoena shall advise a non-party organization of its duty to make such a designation. The persons so designated shall testify as to matters known or reasonably available to the organization. This subdivision (b)(6) does not preclude taking a deposition by any other procedure authorized in these rules.

2

Officer of non-party IMX, Inc.[2] The Defendant credibly represents that during this deposition, it first learned that Mr. Adiga did not have personal knowledge of IMX's sales and marketing practices.

Two days later, on July 14, 2006, the fact discovery deadline, the Defendant noticed IMX's Rule 30(b)(6) deposition on those topics. It is undisputed that IMX is <u>willing</u> to make available a witness or witnesses to testify.

On July 17, 2006, the parties filed another "Consent Motion" to extend to August 16, 2006 the deadline for the Defendant to take the depositions of six specific fact witnesses, and the Court <u>granted</u> the parties' Motion the same day. <u>See</u> "Order" (document #56). However, in addition to its refusal, discussed above, to designate a Rule 30(b)(6) witness, the Plaintiff would not consent to an extension as to either its or IMX's Rule 30 (b)(6) depositions.

On July 20, 2006, the Defendant filed its "Motion to Compel" the Plaintiff's Rule 30(b)(6) deposition and its "Motion for Leave" to depose IMX, which given that IMX consents to appear is, in essence, a motion for an extension of the fact discovery deadline.

In its responsive briefs, the Plaintiff contends that the Defendant's Motions filed after the expiration of the fact discovery deadline are untimely, and concerning its Rule 30(b)(6) deposition, that Mr. Lebda is the only witness it could designate on the noticed topics, which would be "redundant" given that he has testified previously.

The Defendant's Motions have been fully briefed and are, therefore, ripe for determination.

---

[2]The record does not disclose the exact relationship between the parties and IMX, but apparently IMX is the holder of a patent to a computer system similar to the Plaintiff's system. In any event, there is no dispute at this point in the proceedings that IMX possesses information relevant to this action.

3

## II. DISCUSSION

**A. Discovery and Motions to Compel**

Rule 26(b)(1) of the Federal Rules of Civil Procedure provides that:

Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the party seeking discovery or to the claim or defense of any other party, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. The information sought need not be admissible at the trial if the information sought appears reasonably calculated to lead to the discovery of admissible evidence.

The rules of discovery are to be accorded broad and liberal construction. See Herbert v. Lando, 441 U.S. 153, 177 (1979); and Hickman v. Taylor, 329 U.S. 495, 507 (1947). However, a litigant is not entitled to conduct discovery that is intended to harass, annoy, embarrass, or oppress the opposing party. See Fed. R. Civ. P. 26(c).

Whether to grant or deny a motion for a protective order is generally left within the district court's broad discretion. See, e.g., Lone Star Steakhouse & Saloon, Inc. v. Alpha of Va., Inc., 43 F.3d 922, 929 (4th Cir. 1995) (district courts' rulings on discovery motions reviewed on appeal for abuse of discretion); Erdmann v. Preferred Research Inc., 852 F.2d 788, 792 (4th Cir. 1988) (noting district court's substantial discretion in resolving motions to compel); and LaRouche v. National Broadcasting Co., 780 F.2d 1134, 1139 (4th Cir. 1986) (same). However, "protective orders prohibiting depositions are rarely granted ... [and a] plaintiff has a heavy burden of demonstrating good cause for such an order." Medlin v. Andrew, 113 F.R.D. 650, 653 (M.D.N.C. 1987).

Although there is no binding case authority on point, Rule 30 (b)(6), quoted above, "does not preclude taking a deposition by any other procedure authorized in these rules," that is, there is

no prohibition on deposing a witness in both individual and corporate capacities.[3]

Finally, it is well settled that whether to extend any pretrial deadline, including discovery deadlines, is within the discretion of the district court. See, e.g., Heyman v. M.L. Marketing Co., 116 F.3d 91, 96 (4th Cir. 1997) ("[d]istrict courts must be allowed sufficient ... authority to control their dockets); and Lone Star Steakhouse & Saloon, Inc., 43 F.3d at 929 ("district court [has] substantial discretion in managing discovery").

Applying these legal principles to the facts in this case, as an initial matter, the Court concludes that the Defendant's attempt to notice the Plaintiff's Rule 30(b)(6) deposition was proper. Indeed, although the Plaintiff would prefer that the Defendant accept Mr. Lebda's earlier testimony as the Plaintiff's testimony, the Defendant is not required to do so. Nor has the Plaintiff met its "heavy burden" of showing that the additional expense and inconvenience of making Mr. Lebda available a second time outweighs the Defendant's right to conduct otherwise appropriate discovery.

Moreover, the record reflects that the Defendant timely attempted to depose both the Plaintiff and IMX. Indeed, the Defendant noticed the Plaintiff's deposition more than a month prior to the expiration of the relevant deadline, and filed its notice to depose IMX promptly upon learning of the need for that deposition. Although the subject Motions were filed six days after the fact discovery deadline expired, it is apparent that this brief delay was the product of the parties' attempts to resolve their disputes informally, an effort that resulted in the entry of the July 17, 2006 Consent Order.

In short, where the Defendant is otherwise entitled to conduct the subject depositions, the

---

[3]Although recognizing that unpublished decisions issued by other district courts have no precedential value, the undersigned notes that the United States District Court for the Southern District of Florida has held that a party may conduct an individual deposition of a corporate witness. Commodity Futures Trading Comm. v. Midland Rare Coin Exchange, 1999 U.S. LEXIS 16939, *12 (S.D. Fla. 1999).

5

Court will compel the Plaintiff to designate Mr. Lebda or some other appropriate witness to appear on its behalf, and will allow both depositions to be taken out of time.

### III. ORDER

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

1. The Defendant's "Motion for Leave to Take ... Deposition of Third Party IMX. Inc." (document #59) is **GRANTED**, that is, the Defendant is **GRANTED LEAVE** to conduct the previously-noticed deposition of IMX, Inc., at a date, time and location mutually convenient to the parties and IMX, Inc., but no later than September 25, 2006.

2. The Defendant's "Motion to Compel Rule 30(b)(6) Deposition of Plaintiff" (document #57) is **GRANTED** and the Plaintiff shall designate a witness or witnesses to testify on the topics identified in the previously-served deposition notice, with the deposition to be taken at a date, time and location mutually convenient to the parties, but no later than September 25, 2006.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties; and to the Honorable Robert J. Conrad, Jr.

**SO ORDERED.**

Signed: August 22, 2006

_Carl Horn, III_
Carl Horn, III
United States Magistrate Judge